CLD-297                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1895
_____

NIGEL NICHOLAS DOUGLAS,
Appellant

v.

WARDEN R. MARTINEZ; JOSEPH, Rec. Specialist;
MACTTAMER, RSD Staff

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:11-cv-02075)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: July 17, 2013)
_____

OPINION
_____

PER CURIAM

Nigel Nicholas Douglas, a prisoner formerly incarcerated at the Allenwood United

States Penitentiary ("USP-Allenwood") in Pennsylvania, appeals pro se the grant of

summary judgment in a civil rights action brought pursuant to Bivens v. Six Unnamed

Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons that follow, we will summarily affirm. See LAR 27.4l; I.O.P. 10.6.

In his complaint, Douglas alleged that when he was transferred from USP-Allenwood, his paintings and art supplies did not come with him, and he accused the defendants of taking and keeping the property in violation of his right to due process under the Fifth Amendment.[1] The defendants raised the affirmative defense of failure to exhaust administrative remedies, and the District Court granted summary judgment in their favor on that basis.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an award of summary judgment, "applying the same test that the District Court should have applied and viewing the facts in the light most favorable to the nonmoving party." Schneyder v. Smith, 653 F.3d 313, 318 (3d Cir. 2011). A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In assessing a procedural due process claim, we balance "the private interest, the governmental interest, and the value of the available procedure in safeguarding against an erroneous deprivation." Tillman v. Lebanon County Correctional Facility, 221 F.3d 410,

---

[1] Douglas's complaint incorrectly cited to the Fourteenth Amendment in raising his due process claim, but the defendants are all federal, rather than state, actors. We liberally construe his pro se pleading. See Huertas v. Galaxy Asset Management, 641 F.3d 28, 32 (3d Cir. 2011) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

2

421 (3d Cir. 2000) (internal citation omitted). Where an adequate post-deprivation remedy is available to the prisoner, the requirement of procedural due process is met. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008). The undisputed factual record reflects that Douglas tried, and failed, to pursue an administrative grievance for the loss of his hobby craft items and paintings. Bureau of Prisons policy is to not transfer hobby craft from one prison to another, but to allow prisoners to ship such materials to another address, provided the prisoner pays the postage himself.[2] See 28 C.F.R. §§ 544.35(d), 553.14(b) (2012).

Here, the prison grievance system, though imperfectly used by Douglas, provided an adequate post-deprivation remedy, and he therefore could not sustain a valid due process claim. See Monroe at 210. Finding no substantial question to be presented by this appeal, we will summarily affirm the judgment of the District Court.

---

[2] The record suggests that Douglas was well aware of this, as he admits he inquired about how much it would cost to mail the property home. See Statement of Material Facts ¶41, ECF No. 41. He further admitted that he was informed by the Northeast Regional Office in a denial of a claim only three days before the District Court received the instant action that the property in question was still waiting at USP Allenwood for $17.37 in postage. See Statement of Material Facts ¶41, ECF No. 45.